Harold A. Felix, J.
After hearing and reserved decision on the within petition and motions addressed thereto charging the respondent a juvenile delinquent by reason of acts which if committed by an adult would be crimes: respondent’s motions to suppress the statements given to the police and subsequently to the District Attorney are denied. On evaluation and assessment of the facts and circumstances in respect thereto I find no duress or coercion, direct or constructive, suffered by this respondent, aged 15 years, who appeared in the police station at one-thirty in the morning on September 5,1965 accompanied by his mother under no compulsion and there voluntarily related what had transpired earlier concerning the shooting of the boy’s cousin Ronald Roberts and the part played by the respondent in the alleged shooting of one Zack Daniels.
However, on review of the record in its totality, I am not satisfied that the testimony adduced would permit the court to *506 make any finding that the acts attributed to the respondent as crimes if committed by an adult have been proven as such by the necessary evidentiary quantum. I note that the Grand Jury in New York County failed to return a true bill against this respondent as well as against two other alleged accomplices to the shooting of Zack Daniels returning an indictment only against one Leonard Edwards, a juvenile who allegedly fired the gun. Further, in respect to the death of the boy’s cousin in the discharge of a weapon allegedly belonging to the boy’s father in the latter’s home which criminal agency was never produced and prompted a dismissal of a complaint against the boy’s father for unlawful possession of a gun, I cannot on the proof before me make a finding that the acts of the boy in respect to this death constitute manslaughter in any degree.
But the testimony as unfolded has demonstrated by preponderant weight that the respondent is a person who has consorted with people of undesirable or questionable character and by reason thereof has developed a callous attitude and wanton indifference to propriety, law and authority. The court is prompted therefore in the interests of the boy, his parent and the community, on its own motion and pursuant to its authority under the Family Court Act, to substitute through its indorsement hereon for the petition herein one for a person in need of supervision and on such petition finds from the testimony of the hearing on January 21, 1966 as a matter of fact, that in or about September, 1965 respondent was associating with undesirable persons and engaging in conduct which in the court’s view constituted incorrigibility and warrants a finding that the boy is in need of supervision.